**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 26, 2019[*]
Decided February 26, 2019

**Before**

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 18-2359

| | |
|---|---|
| NATHAN HUMMEL, | Appeal from the United States District |
|     *Plaintiff-Appellant*, | Court for the Northern District of Indiana, |
| | South Bend Division. |
| *v.* | |
| | No. 3:18cv254 |
| VICKI L. COOLEY and | |
| DONNA DAVIS, | Robert L. Miller, Jr., |
|     *Defendants-Appellees*. | *Judge*. |

**O R D E R**

Nathan Hummel, an Indiana inmate, seeks damages under 42 U.S.C. § 1983 from a state court clerk and court reporter for allegedly causing him to lose his state post-conviction appeal. According to Hummel, they failed to transmit trial transcripts to the appellate court. The district court dismissed Hummel's suit for failure to state a claim. Because *Heck v. Humphrey*, 512 U.S. 477 (1994), bars this suit for damages unless and

---

[*] The defendants were not served in the district court and are not participating on appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

until his criminal conviction is overturned through, among other possible avenues, a federal writ of habeas corpus, we affirm.

Hummel pleaded guilty in Indiana state court to dealing narcotics, robbery, and disarming an officer. *Hummel v. State*, 2016 WL 4958264, *1, 63 N.E.3d 37 (Ind. Ct. App. 2016). While serving a 25-year sentence for these crimes, he petitioned the state court for post-conviction relief, asserting that ineffective assistance of counsel led to his guilty plea. The court denied Hummel's petition. He appealed, arguing to the appellate court that his trial counsel made "unprofessional errors" and improperly advised him during the trial-court proceedings, resulting in a guilty plea on the narcotics charge that was not knowing or voluntary. *Id.* at *2. The appellate court affirmed. It reasoned that Hummel "[did] not state with any specificity how his trial counsel's performance was allegedly deficient or direct us to any evidence in the record to support his bare contentions." *Id.* Hummel later petitioned a federal district court for habeas-corpus relief, again asserting his belief that he received ineffective assistance of counsel. The court denied the petition because it "[could not] conclude that the state court's determination that trial counsel wasn't ineffective was objectively unreasonable." *Hummel v. Warden*, No. 3:17-CV-114-RLM-MGG, 2018 WL 1762849, at *4 (N.D. Ind. Apr. 11, 2018). Both the district court and this court denied Hummel a certificate of appealability.

Though his conviction remains intact, Hummel now seeks damages in federal court under 42 U.S.C. § 1983 from two state officials whom he blames for his loss in state appellate court. He has sued a state court clerk and court reporter for violating his constitutional right to access the court. He alleges that they "untruthful[ly]" certified to the appellate court that they had filed the transcripts of his guilty-plea and sentencing hearings. That misrepresentation, Hummel asserts, enabled the appellate court to rule against him, keeping his conviction and sentence intact. The district court dismissed Hummel's complaint at screening. 28 U.S.C. § 1915A. In its view, "the lack of cogent arguments and citations to the record," not the omission of transcripts in the appellate record, caused Hummel to lose. The district court thought that Hummel had his own copies of the transcripts, so he "could have referenced them" in his brief to the state appellate court. Because the omitted transcripts did not prejudice Hummel, the district court concluded, his complaint failed to state a claim.

On appeal, Hummel maintains that he pleaded a claim that the defendants are answerable in damages for denying him access to the courts in violation of the Constitution. He contends that he did not have copies of his transcripts, and because the

defendants did not transmit them to the appellate court, he lost an appeal that otherwise would have resulted in the appellate court overturning his conviction.

The problem with this argument is that it ignores an insuperable obstacle to his suit: Hummel seeks damages from the clerk and court reporter because he believes they are the reason his criminal conviction remains intact. He alleges that, if they had transmitted his trial transcripts, the appellate court would have observed his trial counsel's errors and invalidated his conviction. But *Heck* holds that a § 1983 suit for damages alleging that unlawful conduct produced an invalid conviction is unavailable if success necessarily implies the invalidity of a conviction or sentence. 512 U.S. at 486–87. *Heck* forbids this suit for damages unless and until Hummel first has his conviction overturned through a federal writ of habeas corpus (or similar remedy), which has not occurred. *See Okoro v. Callaghan*, 324 F.3d 488, 489–90 (7th Cir. 2003).

Last, Hummel also argues on appeal that the district court judge should have recused himself from this case because the judge previously denied Hummel collateral relief on his federal petition for a writ of habeas corpus. But the mere existence of a prior ruling against Hummel does not call the judge's impartiality into question. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *In re City of Milwaukee*, 788 F.3d 717, 720 (7th Cir. 2015). In any event, because we have reviewed the dismissal de novo and have decided that this suit is *Heck*-barred, no prejudice has occurred.

AFFIRMED